LAW OFFICES OF

# PAUL J. SOLDA

EMPIRE STATE BUILDING
350 FIFTH AVENUE, 68TH FLOOR
NEW YORK, NEW YORK 10118

(212) 967-3393

ADMITTED IN:
NEW YORK
PENNSYLVANIA
CONNECTICUT
WASHINGTON, D.C.

ps@soldalaw.com

January 19, 2017

The Hon. Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

RE:   DAVID DALTON, ET. AL. vs. FINANCIAL SERVICE, INC. ET. AL.;
      Case No. 1:15-cv-05636 (BMC)

Dear Judge Cogan:

      This office represents the defendants, Gem Financial Services, Inc. et. al. ("Gem"). The parties jointly write the Court in response to the Scheduling Order filed on January 3, 2017, directing the parties that discovery is closed and to file a Joint Pretrial Order by January 24, 2017[1].

      As the Court may recall, conditional certification was ordered on July 7, 2016 and a 60 day opt in period thereafter ensued (which commenced August 8, 2016). Following closure on October 17, 2016, sixteen employees from Gem executed consents to join the action. Thereafter it was discovered that an additional field of as many as 61 suitable employees was inadvertently passed over. After a status conference held October 19, 2016, the Court ordered that an additional 45 day period be provided to these individuals. This second notice period concluded on December 19, 2016 and an additional two individuals executed consents.

      In the end, there are in total 18 "opt in" plaintiffs that we must now contend with. Discovery in the primary form of depositions needs to be undertaken concerning these individuals. Gem notes that we have no particulars as to what their individual claims might in fact be (i.e. what weeks/dates they allege overtime was not paid, etc). As discussed at the October status conference, it was defendants intention to take depositions of each such opt-in plaintiff - provided that the total number was not impracticable. Defendant's counsel notably sought to schedule such depositions since mid-November and issued discovery demands thereon - but plaintiffs declined starting this discovery until the final notice period closed. As it went,

---

[1] This letter request is re-filed (together with opposition content from plaintiffs) - after being stricken by the Court because of the multiple filings undertaken yesterday. On behalf of all parties, we sincerely apologize for yesterday's reckless approach.

on December 20, 2016, plaintiffs counsel provided their first opt-in for such an examination. Gem has been seeking to schedule additional examinations since.

With that said, we request that the Scheduling Order be modified to reflect, in part, an enlargement of discovery, stay of the filing of the Joint Pretrial Order and the scheduling of a status conference. This would be a first request for such a modification. It is important to note that Defendants' counsel anticipated that plaintiffs would concede to such a joint request, especially given our correspondence earlier this month - wherein the parties were addressing payroll disclosure and continued scheduling of examinations of these opt in plaintiffs.
By way of discussions held over the past few days, however, plaintiffs' counsel now believe that the parties should discontinue any further discovery efforts[2].

Plaintiffs opposition in extending discovery:

Plaintiffs respectfully oppose Defendants' request to suspend the parties' deadline to file our Joint Pretrial Order on the basis of Defendants' asserted need for additional months of discovery. Defendants have, to date, at no time during the course of this litigation, ever propounded document requests, interrogatories, or any other form of written discovery request that might have afforded them the information that Defendants now claim to urgently require[3]. Defendants similarly declined to serve formal deposition notices, or to commence depositions of opt-in Plaintiffs during the notice period[4].

---

[2] This is surprising given plaintiffs' own discovery demands which remain outstanding (i.e. plaintiffs' deposition demands {which they agreed to "table" until last month}) - taken together with the outstanding discovery demands by Gem concerning not just the new opt-in's (but also the initial plaintiffs as well).

[3] We learned for the first-time last night that Defendants purportedly attempted to serve written discovery requests on December 6, 2016 via email addressed George Vallas, Esq., a former attorney at my firm who formally withdrew from this matter more than one-year ago (notwithstanding the fact that Defendants exchanged email correspondence addressed to Plaintiffs' current counsel that same day). Mr. Vallas's former email address as stated in Defendants' certificate of service <george@ottingerlaw.com> is also inactive and returns automated "delivery failure" notifications. In any event, even had the document been properly served (or otherwise timely brought to our attention by Defendants), the response deadline would have fallen outside the close of discovery.

[4] There is also no merit or factual basis to support Defendants' assertion that "plaintiffs declined starting this discovery until the final notice period closed." To the contrary, Plaintiffs made every effort to accommodate Defendants' informal scheduling requests as to opt-in depositions when Defendants requested that we do so.

PAUL J. SOLDA
ATTORNEY AT LAW

Hon. Brian M. Cogan.
January 19, 2017
Page 3

Having declined to exercise their opportunity to seek appropriate discovery during the lengthy discover period, Defendants' last-minute request to now reopen discovery (two weeks after the scheduled close of discovery, and only days prior to the parties' deadline for filing our Joint Pretrial Order) should therefore be denied.

Reply:

Responding to plaintiff, Gem did, in fact, make various discovery demands throughout 2016 and in particular propounded a Combined Discovery Demand on December 6, 2016 (see Defendants Discovery Demand and collection of select email notices {covering the period November 21, 2016 through January 4, 2017}, annexed as Exhibit A). Most notably, the email letters clearly reveal our attempts to bring under way examinations of the new opt in plaintiffs. In the final analysis, nothing can take away from the fact that no discovery whatsoever has been taken upon seventeen of the opt-in plaintiffs.

In closing, Gem requires discovery on these new opt in parties in order to determine and evaluate their claims and to confirm whether they are similarly situated to the original plaintiffs. As the Court noted in its July, 2016 Order (granting conditional certification) - there is a second post discovery step that must take place before any trial. At this point, there exists only the parties original complaint, dated October, 2015 - which sets forth the claims only to the original plaintiffs. Gem accordingly believes it is in the best interests of all parties to complete disclosure - thereby permitting a proper evaluation of the merits of all the individual claims. With that said, Gem would require, at a minimum - a ninety day period to conclude discovery in order to be in a suitable position to either make settlement offers and/or file motions (i.e. either to strike parties or to decertify). We therefore ask the Court to modify said January, 2017 Scheduling Order on terms as may be just and equitable.

We will await the Court's direction.

Thank you for your time and courtesies.

Yours truly,

*Paul J. Solda*

Paul J. Solda

cc: Ottinger Law Firm [via email: ari@ottingerlaw.com]

EXHIBIT "A"

# United States District Court
# Eastern District of New York

X------------------------------------------------------------------X   Civil Action No. **1:15-cv-05636**

DAVID DALTON, YOVANI BROADUS and
DIORI JOHNSON, individually and on behalf of all
other similarly situated

Plaintiffs,

- against -                                                              **DEFENDANTS COMBINED**
                                                                         **DISCOVERY DEMANDS**

GEM Financial Services, Inc., GEM Pawnbrokers of NY,
Inc., GEM Pawnbrokers Long Island Corp., GEM of Mount
Vernon, Inc., GEM of Melville, Inc., GEM of Merrick,
Inc., GEM of Hicksville, LLC., GEM of Valley Stream,
LLC. and 608 8th Ave. Corp.

Defendants.
X------------------------------------------------------------------X

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Gentlemen:

        PLEASE TAKE NOTICE that pursuant to Federal Rules Civil Procedure, Rule 26 & Rule 34 et. seq. Plaintiffs are required to produce and permit discovery of the following documents and things within 30 days at the Office of Paul J. Solda, Esq. located at The Empire State Building, 350 Fifth Avenue, 68th Floor, New York, New York 10118, - with respect to evidence material and necessary regarding the instant action:

Definitions and Instructions:

(1) **Communication.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) **Document.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) **Identify (with respect to persons).** When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) **Identify (with respect to documents).** When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) **Parties.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation. "Plaintiff" shall also include all parties which "opted in" (or may opt in forth with) - to the within lawsuit pursuant to court order dated July 7, 2016.

(6) **Person.** The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) **Concerning.** The term "concerning" means relating to, referring to, describing, evidencing or constituting.

The following rules of construction apply to all discovery requests:

(1) **All/Any/Each.** The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) **And/Or.** The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) **Number.** The use of the singular form of any word includes the plural and vice versa.

(4) **Redundant production of records.** The responding party shall not re-submit any documents previously produced to the plaintiffs by defendant during the course of this litigation.

## ITEMS FOR PRODUCTION

1. All documents referred to, or referenced in, the Complaint.

2. All documents used and/or intended to be relied on to calculate damages.

3. All documents concerning Plaintiffs' work schedules (e.g., weekly, biweekly, monthly, etc.).

4. All documents concerning Plaintiffs' time-sheets (e.g., weekly, biweekly, monthly, etc.).

5. All documents concerning Plaintiffs' receipt of payment for wages and overtime (e.g., paystubs, W-2s, 1099s, etc.).

6. All documents concerning Plaintiffs' time off requests (e.g., sick days, personal days, vacation days, etc.).

7. All documents concerning each instance in which each Plaintiff was required to work overtime hours (whether designated as such or not).

8. All documents concerning Plaintiffs' alleged unpaid overtime hours.

9. All documents concerning/relating to the alleged inaccurate tracking of the time of Plaintiffs.

10. All documents concerning the alleged inaccurate pay to Plaintiffs.

11. All documents concerning Defendants' alleged failure to keep accurate and sufficient payroll and time records.

12. All documents concerning Plaintiffs alleged travel time to and from work.

13. All documents concerning any alleged instruction to Plaintiffs to not count as hour worked any daily meal period.

14. All documents concerning any alleged instruction to Plaintiffs to count as hour worked any daily meal period.

15. All documents concerning Plaintiffs' lunch and/or meal breaks.

16. All documents concerning Plaintiffs' travel and meal purchase records (including, without limitation, MTA transit and debit and/or credit card statements showing the locations and times of purchases during the period in question) - concerning any days of each and every week in which Plaintiffs' allege to have worked overtime hours.

17. All documents concerning Plaintiffs' communications of any sort (including, without limitation, telephone records, emails, text messages, instant messages, and messages sent using any computer, mobile device, or social media applications and/or platforms) - from days in which plaintiffs allege to have worked overtime hours.

18. All documents concerning communications of any sort (including, without limitation, telephone records, emails, text messages, instant messages, and messages sent using any computer, mobile device, or social media applications and/or platforms) between plaintiffs and defendants.

19. All documents concerning communications of any sort (including, without limitation, telephone records, emails, text messages, instant messages, and messages sent using any computer, mobile device, or social media applications and/or platforms) that any of Plaintiffs sent to, or received from, any person (including, without limitation, communications with each other or any other person at Gem or any friends or family members) concerning plaintiffs' employment at Gem.

20. All documents that any plaintiffs may have removed from Gem's offices.

21. All documents concerning any police/medical reports or otherwise involving Plaintiffs, Defendants, and/or Plaintiffs' employment with Defendants.

22. All documents concerning any state or federal court or administrative proceedings involving Plaintiffs, Defendants, and/or Plaintiffs' employment with Defendants.

23. All documents concerning diaries, notes, and other written and/or recorded materials that any of Plaintiffs at any time made or recorded concerning their employment at Gem.

4

24. All recordings (audio or video) that any of plaintiffs have concerning events that took place at Gem's place of business.

25. All documents concerning admissions of defendants (or any agents, representatives, or employees of Gem) that in any way relate to, support, or refute any of the allegations in the Complaint.

## NOTICE FOR DEPOSITIONS

PLEASE TAKE NOTICE that pursuant to Rule 26 et. seq. of the Federal Rules Civil Procedure, testimony upon oral examination of all opt in plaintiffs - will be scheduled in successive order beginning within the next 20 days, taken as parties before a qualified person at the Office of Paul J. Solda, Esq. located at The Empire State Building, 350 5th Avenue, 68th Floor New York, New York - with respect to evidence material and necessary regarding the instant action.

## DEMAND FOR STATEMENTS

Copies of each and every written statement or the transcript of each and every oral statement which it will be alleged was made by or behalf of Gem, their agent, servant, and/or employee, now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action.

## DEMAND FOR EXPERT WITNESS INFORMATION

Identify each person you intend to call as an expert witness at the time of trial and state as to each person:

5

(a) name, address and occupation;
(b) the subject matter in reasonable detail on which each expert is expected to testify;
(c) the substance of the facts and opinions on which each experts expected to testify;
(d) the qualifications of each expert witness;
(e) a summary of the grounds of each experts's opinion, and
(f) provide a copy of each such expert's report furnished to you or your client(s).

PLEASE TAKE FURTHER NOTICE, that if any such expert which you expect to call as a witness on the trial of this action intends to rely upon or introduce into evidence any portion of any technical standard or learned treatise, you are hereby required to identify any such standard or treatise, including the case of standards, the issuing body and the standard number; in the case of books, author, title, publication date and publisher; and in the case of journal articles, journal title, volume number, page publication date and publisher.

**PLEASE TAKE NOTICE** that the failure to provide responses to any of the foregoing demands shall form the basis of a motion for preclusion, and objection upon the trial of this matter, as to any evidence or information not provided.

It shall be deemed sufficient compliance with the foregoing demands if the information and photocopies of the documents requested are served by mail upon the undersigned and received prior to the date specified above.

**PLEASE TAKE FURTHER NOTICE**, that these are all continuing demands and should any of the information requested become available to or known in the future, then you are required to furnish same at such time.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to comply with these demands, defendants shall make an application to stay all proceedings herein, in addition to seeking sanctions and other relief as may be deemed just and equitable.

Dated: December 6, 2016

                                                                             */s/ Paul Solda*
                                                                             PAUL J. SOLDA, ESQ.
                                                                             (Attorney for Plaintiffs )
                                                                             The Empire State Building
                                                                             350 Fifth Avenue, 68th Floor
                                                                             New York, New York 10118
                                                                             212.967.3393

Copies to:

Ottinger Firm PC
(Attorneys for Plaintiffs)
401 Park Avenue South
New York, New York 10016
212. 571 . 2000
george@ottingerlaw.com

## CERTIFICATE OF SERVICE

PAUL J. SOLDA, ESQ., declares pursuant to 28 USC 1746, under penalty of perjury, that the following is true and correct:

I hereby certify that a true copy of the foregoing "Notice of Discovery" was served via email on this date - upon the following attorneys:

Ottinger Firm PC
(Attorneys for Plaintiffs)
401 Park Avenue South
New York, New York 10016
george@ottingerlaw.com

Dated: December 6, 2016

_____
PAUL J. SOLDA, ESQ.

Paul J. Solda

**From:** Paul J. Solda <ps@soldalaw.com>
**Sent:** Monday, November 21, 2016 12:27 PM
**To:** 'Ari Graff'
**Subject:** RE: Dalton v Gem

Counselor:

I have still not received the list of "six names" that you claim you added to your noticing of Gem employees. Please provide that ASAP.

On a separate note, per our general discovery discussions, I would like to begin examinations of the opt in parties and would like to commence same beginning November 30, 2016.
Our calendar is filling quickly in December – but we have available December 1, December 2, December 16 and December 21. Please advise on availability (there are some other openings on other December dates).

Thank you.

Yours,

Paul J. Solda, Esq.
The Empire State Building
350 Fifth Avenue, 68th Floor
New York, N.Y. 10118

212-967-3393
212-868-0013 (fax)
ps@soldalaw.com (e-mail)

Paul J. Solda

| | |
|---|---|
| **From:** | Paul J. Solda <ps@soldalaw.com> |
| **Sent:** | Tuesday, December 06, 2016 6:25 PM |
| **To:** | 'Ari Graff' |
| **Subject:** | RE: Dalton v Gem - depositions/discovery |

Counselor:

In accordance with our discussions, I would like to schedule at least one full day of examinations of two of the opt in plaintiffs.

On December 20, 2016, defendant would like to examine one of the three following persons at 10:30 AM: Deb Slama, Kevin Guevera or Nicholas Kyd.
These individuals had short-term employment and accordingly, we would anticipate examination time not to exceed 1.5 hours.

That afternoon, at approximately 1 PM, Gem would like to examine one of the following persons: Travis Snow, Beatrice Newell, Alexis Hernandez or Howie Sadowsky
We would anticipate an examination lasting until 6 PM.

Please confirm these examinations to be held at our office.

Thank you.

Yours,

Paul J. Solda, Esq.
The Empire State Building
350 Fifth Avenue, 68th Floor
New York, N.Y. 10118

212-967-3393
212-868-0013 (fax)
ps@soldalaw.com (e-mail)

1

---
Paul J. Solda

| | |
|---|---|
| **From:** | Paul J. Solda <ps@soldalaw.com> |
| **Sent:** | Friday, December 16, 2016 4:41 PM |
| **To:** | 'Ari Graff' |
| **Subject:** | RE: Dalton v Gem - depositions/discovery |
| **Attachments:** | Gem - Nicholas Kydd.pdf; Gem - Nicholas Kydd2.pdf |

Counselor:

Gem is providing (in the next few emails to you) all documents currently in their possession concerning Ms. Hernandez and Mr. Kyd.

Remember, since you just identified these two opt in individuals as being available for deposition next week – we are not representing that there is any full disclosure nor is Gem directly responding to your original Discovery Demands - (which notably predated these parties).

It goes without mention that Mr. Hernandez is being excused Tuesday afternoon.

Thank you.

Yours,


Paul J. Solda, Esq.
The Empire State Building
350 Fifth Avenue, 68th Floor
New York, N.Y. 10118

212-967-3393
212-868-0013 (fax)
ps@soldalaw.com (e-mail)

1

Paul J. Solda

**From:** Paul J. Solda <ps@soldalaw.com>
**Sent:** Tuesday, December 20, 2016 10:58 AM
**To:** 'Ari Graff'
**Subject:** RE: Dalton v Gem - depositions

Counselor:

We received your email message this morning sent yesterday evening which canceled the morning deposition. Unfortunately, we could not cancel our stenographer and will assume a cost there.

We trust your firm will compensate on that measure.

Notwithstanding, we appreciate the notice and regrettably understand "emergency" situations.

We are poised depose Mr. Hernandez this afternoon at 1 PM.

Thank you

Yours,


Paul J. Solda, Esq.
The Empire State Building
350 Fifth Avenue, 68th Floor
New York, N.Y. 10118

212-967-3393
212-868-0013 (fax)
ps@soldalaw.com (e-mail)

1

Paul J. Solda

**From:** Ari Graff <ari@ottingerlaw.com>
**Sent:** Wednesday, January 04, 2017 6:59 PM
**To:** Solda Paul J.
**Subject:** Re: Dalton v Gem - additional documents Hernandez

In response to your first inquiry, I was referring to Plaintiffs' First Set of Requests for Production of Documents (April 25, 2016). Consistent with Fed.R.Civ.P. 26(e), Instruction No. 1 of the Requests specifies that the Requests constitute a continuing demand for production, inter alia, of any additional documents that become responsive to any Request. And Definition No. 5 of the Requests specifies that the term "Plaintiffs" is inclusive of opt-in plaintiffs. Defendants' Responses to Plaintiff's First Requests for Production (Sept. 16, 2016) do not state objections to Plaintiffs' Instructions and/or Definitions.

I'd also be happy to discuss with you by phone, including in connection with the Court's recent Order. Please let me know if you'd be available tomorrow (Thurs.) at 5pm or later, or on Friday at anytime from 12pm through end of day.

Best regards,
Ari

---
Ariel Y. Graff
The Ottinger Firm, P.C.
401 Park Avenue South
New York, NY 10016
+ 212 571 2000 Main
+ 212 203 3473 Direct
+ 212 571 0505 Fax
www.ottingerlaw.com

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply email and delete the message and any attachments. Thank you.

> On Jan 4, 2017, at 5:14 PM, Paul Solda <ps@soldalaw.com> wrote:
>
> To what Discovery Request are you referring to as concerns your opt in plaintiffs? Perhaps we need to have a "discovery conference" to address all issues - including your over broad Ebt notices which you agreed to "table" back in June.
> Please advise, because Gem has been eager to depose all plaintiffs.
> Yours,
>
> Sent from my BlackBerry 10 smartphone.
>
> **From:** Ari Graff
> **Sent:** Tuesday, January 3, 2017 10:16 PM
> **To:** Solda Paul J.
> **Subject:** Re: Dalton v Gem - additional documents Hernandez
>
> Mr. Solda:

1

I'm unavailable for depositions on Monday the 9th. I'd also request that prior to further discussions about scheduling any depositions, Defendants first complete their production of documents responsive to Plaintiffs' document requests and as otherwise required under the federal rules.

Sincerely,
Ari

---
Ariel Y. Graff
The Ottinger Firm, P.C.
401 Park Avenue South
New York, NY 10016
+ 212 571 2000 Main
+ 212 203 3473 Direct
+ 212 571 0505 Fax
www.ottingerlaw.com

<small_orange.png> <avvo badge.png>

This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply email and delete the message and any attachments. Thank you.

> On Jan 3, 2017, at 4:56 PM, Paul J. Solda <ps@soldalaw.com> wrote:
>
> Counselor:
>
> I would like to schedule more depositions ASAP.
>
> We are available next Monday, January 9, 2017 - would you be able to make two of the opt in plaintiffs available for an examination (in the same fashion as we proposed in December)?
>
> Please advise.
>
> Thank you.
>
> Yours,
>
> Paul J. Solda, Esq.
> The Empire State Building
> 350 Fifth Avenue, 68th Floor
> New York, N.Y. 10118
>
> 212-967-3393
> 212-868-0013 (fax)
> ps@soldalaw.com (e-mail)

Case 1:15-cv-05636-BMC   Document 60   Filed 01/19/17   Page 19 of 19 PageID #: 1636